B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
## DISTRICT OF MARYLAND

In re  IF Studios, Inc., _____     Case  No.  18-15824  _____

Debtor

Small Business Case under Chapter 11

## IF Studios, Inc.'S PLAN OF REORGANIZATION, DATED FEBRUARY 24, 2019

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of IF Studios, Inc. (the "Debtor") from Cash flow from operations and future income.

This Plan provides for 1 classes of secured claims; 2 classes of unsecured claims; and 0 classes of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 65.00 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01     Class 1.     All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02     Class 2.     The claim of Montgomery County, Maryland, to the extent allowed
as a secured claim under § 506 of the Code.

B25A (Official Form 25A) (12/08) - Cont.

2.03    <u>Class 3.</u>            All unsecured claims allowed under § 502 of the Code.

2.04    <u>Class 4.</u>            Equity interests of the Debtor.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**<u>U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS</u>**

3.01    <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims</u>.   Each holder of a priority tax claim will be paid In full within five (5) years.

3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE IV**
**<u>TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN</u>**

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | unimpaired | Paid in full within five (5) years |

2

B25A (Official Form 25A) (12/08) - Cont.

| Class 2 – Secured Claim of Montgomery County, Maryland | unimpaired | Paid in full within five (5) years |
|---|---|---|
| Class 3 - General Unsecured Creditors | unimpaired | Paid pro rata |
| Class 4 - Equity Security Holders of the Debtor | impaired | Not applicable |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01  Assumed Executory Contracts and Unexpired Leases.

(a)  The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

RAD Game Tools, Inc.

Interactions Data Visualization, Inc.

Daniel A. Grossberg, LLC.

B25A (Official Form 25A) (12/08) - Cont.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will retain all of the property of the Estate.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02   Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03   Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Corporate Governance.

The Debtor shall include in its charter or articles of organization a provision prohibiting the issuance of nonvoting  equity securities.

The sole voting class of securities in the Debtor shall retain its sole voting power.

The sole class of securities in the Debtor entitled to a distribution shall retain that sole

**B25A (Official Form 25A) (12/08) - Cont.**

right.

# ARTICLE IX
# DISCHARGE

9.01.  <u>Discharge</u>.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

By:  /s/Serrene Grant
IF Studios, Inc., Plan Proponent

By:  /s/Keith R. Havens
Keith R. Havens, Attorney for Plan Proponent